JULIA SHINE *vs.* RUTH B. DODGE.

Androscoggin.        Opinion November 18, 1931.

*Frank A. Morey*, for plaintiff.
*Clifford E. McLaughlin*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.    This is an action of deceit based on alleged fraudulent representations in the sale of shares of stock. To the declaration a general demurrer was filed by the defendant, and the case is before us on exceptions by the plaintiff to the ruling of the presiding Justice sustaining the demurrer.

After setting forth the purchase of a substantial amount of stock of the Sagadahoc Fertilizer Co. by the plaintiff of the defendant, the declaration avers that:

"as an inducement to the plaintiff to buy the aforesaid stock of the Sagadahoc Fertilizer Company, and with intent to deceive the plaintiff the defendant falsely represented to her that she would guarantee to her that she would get dividends on both the common and the preferred stock, and as a further inducement to the said plaintiff to purchase said stock, and with intent to deceive the plaintiff the said defendant falsely represented to her that the stock that the plaintiff herein owned in the Central Maine Power Company, amounting to over fifteen thousand dollars ($15,000) was not as good stock as that of the Sagadahoc Fertilizer Company; that the Sagadahoc Fertilizer Company was in good financial standing and that its stock was better than the stock of the Central Maine Power Company, and paid more dividends; and the said defendant with intent to deceive the plaintiff further falsely represented to the plaintiff, and as an inducement for her to buy said stock in the Sagadahoc Fertilizer Company, that she had forty thousand dollars ($40,000) of her own money in stock in the Sagadahoc Fertilizer Company and that she would not have put her forty thousand dollars ($40,000) into the stock of the Sagadahoc Fertilizer Company had she not known that it was all right, and that the said company was all right, and that it was sound financially."

The declaration then alleges that the stock purchased was in fact worthless, that the company was insolvent at the time the plaintiff bought the stock and that the plaintiff relied on the false representations and was deceived by them.

A purchaser, defrauded in a contract of sale, may elect one of two remedies. He may rescind the sale, and, in an action of assumpsit for money had and received, recover back the purchase price; or he may without rescission sue in tort for deceit. *Carey* v. *Penney*, 129 Me., 320. In such case the measure of his damages is the difference between the actual value of the property at the time of the

purchase and its value if it had been as represented. *Wright* v. *Roach,* 57 Me., 600; *Mullen* v. *Eastern Trust & Banking Co.,* 108 Me., 498; *Morse* v. *Hutchins,* 102 Mass., 439. The plaintiff in this case, though his declaration contains several averments inapplicable to an action of deceit, did not rescind the contract of sale and has elected to sue in tort and not in contract.

The essential elements of an action for deceit have been so often and so recently stated by this court that it is unnecessary to reiterate them. *Allan* v. *Wescott,* 115 Me., 180; *Prince* v. *Brackett, Shaw & Lunt Co.,* 125 Me., 31; *Gilbert* v. *Dodge,* 130 Me., 417. The defendant's objection to the declaration is that it nowhere avers a misrepresentation by her of a material fact, but rather sets forth expressions of opinion by her as to the merits of the stock, or the breach of a promise by her to guarantee dividends on it in case of a default.

The allegation in the declaration that the defendant represented that she would guarantee the dividends on the stock is quite immaterial, for it is well settled in this state that the breach of a promise to do something in the future will not support an action of deceit, even though there may have been a preconceived intention not to perform. *Albee* v. *LaRoux,* 122 Me., 273.

It is likewise established that there is no liability in an action of deceit for a false statement of an opinion. *Martin* v. *Jordan,* 60 Me., 531; *Holbrook* v. *Connor,* 60 Me., 578; *Bourn* v. *Davis,* 76 Me., 223; *Clark* v. *Morrill,* 128 Me., 79. Deceit is a specific term and imports a false and fraudulent representation, which must not only influence the buyer's judgment in making the purchase, but also must relate to a fact which directly affects the value of the property sold. *Albee* v. *LaRoux,* supra. Thus a false statement as to the value of property is held to be merely an expression of opinion; and a false declaration of its cost is treated in the same category, because such fact is nothing more nor less than evidence of someone else's opinion of its value. *Holbrook* v. *Connor,* supra. On the other hand a false statement to a purchaser of shares of stock of a corporation of the amount paid to the corporation for such stock is a misrepresentation of a fact affecting directly the value of the stock purchased, for it relates to the amount of cash assets in the

treasury of the company. *Coolidge* v. *Goddard*, 77 Me., 578. Opinion as to value, the price paid for property, mere seller's talk, are regarded as collateral matters; they do not relate to facts affecting the value of property. In the words of this court "the fraud or deceit relied upon must relate distinctly and directly to the contract, must affect its very essence and substance, and it must be material to the contract." *Palmer* v. *Bell*, 85 Me., 352, 354. Furthermore, an essential inquiry is, is the statement one on which a purchaser is justified in relying. If it consists of nothing more than dealer's talk, or if it is an averment of a fact and the person to whom it is made has equal means with the maker of knowing the truth, the rule of *caveat emptor* applies, and the one relying on it does so at his peril. *Palmer* v. *Bell*, supra; *Bishop* v. *Small*, 63 Me., 12.

The line between what is a statement of fact and of opinion is often shadowy. The ordinary rule is that the determination of that question and of the general materiality of the representation is for the court and not for the jury. *Caswell* v. *Hunton*, 87 Me., 277; *Greenleaf* v. *Gerald*, 94 Me., 91. But the precise form of the language is not always the controlling factor. The relationship of the parties or the opportunity afforded for investigation and the reliance, which one is thereby justified in placing on the statement of the other, may transform into an averment of fact that which under ordinary circumstances would be merely an expression of opinion. *Bishop* v. *Small*, supra, page 14; *Ross* v. *Reynolds*, 112 Me., 223, 226; *Shelton* v. *Healy*, 74 Conn., 265; *Hauk* v. *Brownell*, 120 Ill., 161; *Andrews* v. *Jackson*, 168 Mass., 266. In construing what is in this respect the true meaning of the language used, it is often necessary to consider the subject matter and the surrounding circumstances, and it may be proper to leave the determination of this issue to the jury under proper instructions of the court. *Thompson* v. *Phoenix Insurance Co.*, 75 Me., 55, 60; *Hotchkiss* v. *Bon Air Coal & Iron Co.*, 108 Me., 34; *Stubbs* v. *Johnson*, 127 Mass., 219.

The charge in the declaration that the defendant alleged that the stock, which the plaintiff owned in the Central Maine Power Co., was not as good as the stock of the Sagadahoc Fertilizer Co. is

clearly an expression of opinion and nothing more. Likewise the statement of the defendant that she had invested $40,000 of her own money in the stock is nothing more than an assertion of fact supporting her opinion that the stock was good. As her opinion on that point would be immaterial, so would the statement of fact. *Holbrook* v. *Connor*, supra; *Dawe* v. *Morris*, 149 Mass., 188. The representation that the stock in the Sagadahoc Fertilizer Co. paid more dividends than the stock of the Central Maine Power Co. was an averment of fact; but the means of determining its truth or falsity were so obviously available to the plaintiff that it must be held to have been an immaterial statement, on which the plaintiff was not justified in relying.

The proper construction of the representation that the Sagadahoc Fertilizer Co. was "in good financial standing" was "all right" and was "sound financially" presents a more difficult problem. With respect to this allegation we think that the declaration may be read as follows:

> "as a further inducement to the said plaintiff to purchase said stock, and with the intent to deceive the plaintiff, the said defendant falsely represented to her that the Sagadahoc Fertilizer Company was all right, sound financially, and in good financial standing, whereas in truth and fact the said company was insolvent at the time of the purchase of said stock by the plaintiff of this defendant."

The representation that a corporation is in good financial standing may be nothing but an expression of opinion; but it may, depending on the surrounding circumstances, be properly construed as an averment of a fact. We can not hold in ruling on a demurrer that it is not actionable.

In the case of *Davis* v. *Coshnear*, 129 Me., 334, one of the allegations was that the company was a successful going concern.

In *Clark* v. *Morrill*, supra, page 82, the following language was used, which, though only a dictum, is significant: "As to the allegation that the Crescent Towing Line was solvent and doing a profitable business, if the evidence sustained the allegation and the plaintiff had no opportunity to investigate; it was false; and the

defendant knew it was false and made it intending to deceive, it might be actionable."

In *Andrews* v. *Jackson*, supra, the defendant represented to the plaintiff that certain promissory notes were "as good as gold." The Court said, page 267: "It is true that such a representation may be, and often is, a mere expression of opinion. But we think that it may be made under such circumstances and in such a way as properly to be understood as a statement of fact upon which one may well rely."

In *Ross* v. *Reynolds*, supra, the question was whether a statement that an automobile was in good running order and condition was a representation of fact or merely an expression of opinion. Chief Justice Savage said at page 226: "If the representation is capable of being understood either as an expression of opinion or as a statement of fact, which it is must be determined in accordance with the understanding of the parties. If it was made as a statement of fact and was so understood it lays the basis for an action of deceit. So, if the statement was fairly susceptible of being understood to be a statement of fact, and not a mere opinion, and the other party did so understand it."

Until the evidence is taken out showing the circumstances and conditions under which the representation was made that the Sagadahoc Fertilizer Co. was sound financially, we can not hold that such statement is not a representation of fact as distinguished from an expression of opinion.

The defendant contends that there is no allegation in the declaration that she knew that her statement was false or that it was made recklessly. The averment that it was made "with intent to deceive" imputes knowledge of its falsity and is sufficient.

*Exception sustained.*