JULIA SHINE *vs*. RUTH B. DODGE.

Androscoggin.      Opinion July 14, 1932.

*Frank A. Morey,* for plaintiff.
*Clifford E. McGlauflin,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.    The plaintiff, according to her declaration, seeks to recover in deceit for fraudulent representations in the sale to her by the defendant of certain shares of stock of the Sagadahoc Fertilizer Co. After a verdict for the plaintiff of $15,148.21 the case is before us on the defendant's motion for a new trial and on exceptions to the admission of certain evidence. As the motion must be sustained, it is not necessary to discuss the exceptions.

The case has been previously considered by us on an exception to a ruling sustaining a demurrer to the declaration. *Shine* v. *Dodge,* 130 Me., 440, 157 A., 318. In the opinion filed at that time

the legal insufficiency of many of the allegations of the declaration was pointed out, and the issue was restricted to a charge that the plaintiff was induced to buy the shares of stock by the false representation of the defendant that the Sagadahoc Fertilizer Company was sound financially, when in truth it was insolvent. The record now before us discloses no evidence whatsoever supporting this claim.

It appears that there were two separate purchases of stock by the plaintiff, the first of one hundred and forty-five shares in 1926, and the second of twenty shares in 1929. At the time of the first transaction, according to the plaintiff's testimony, the defendant represented to her that the company had a safe and sound business and was sound financially. In the attempt to state the conversation of the parties, much seems to have been injected into the testimony that this court in the previous opinion has held irrelevant. The amount that the defendant had herself invested in the enterprise, her alleged guarantee of the payment of dividends, the salaries that she and her husband drew as officers of the company, and the facts as to the management of the corporation after the purchase of the stock by the defendant, had no bearing on the narrow issue presented by the pleadings. We must assume that the presiding Justice so informed the jury in his charge; but in view of the fact that there was no evidence to sustain the true issue, it seems clear that the jury considered these factors as worthy of consideration.

The only evidence relating to the financial condition of the company in 1926 indicates that it was solvent. From the balance sheet and from the testimony of the plaintiff's own witnesses explaining the ledger entries, it appears that at that time the corporation had current assets of about double the amount necessary to pay its debts, and that eliminating all doubtful items such as good will and promotion there was enough to pay off the preferred stock at par and still leave a substantial balance for the common stock. The uncontradicted evidence clearly indicates that the plaintiff's representation as to the company's solvency was in accord with the facts.

At the time of the second purchase in 1929 the picture as shown by the balance sheet is not so favorable, but even then it appears that the company was solvent and that there were sufficient assets after the settlement of liabilities to pay off the preferred stock at

par. Disregarding this evidence, however, the plaintiff's own testimony clearly refutes her allegation that she bought the second lot of stock in reliance on the defendant's representations. She states categorically that she believed at that time that the stock was good because she had received her dividends on it during the preceding years. It was this fact which seems to have been the inducement for the second purchase.

The plaintiff made an unfortunate investment and her situation must have been particularly appealing to the sympathy of a jury. The subsequent history of the company shows that it was not sufficiently well fortified financially to stand the strain of hard times, but to charge the defendant with liability for the want of such knowledge in 1926 would in effect make her a guarantor of the soundness of the securities which she sold.

*Motion sustained.*
*New trial granted.*