Louis **BOIVIN**

v.

**JONES & VINING, INC.**

Supreme Judicial Court of Maine.

Argued May 30, 1990.
Decided Aug. 6, 1990.

Steven D. Silin (orally), Paul F. Macri, Berman, Simmons & Goldberg, Lewiston, for plaintiff.

Robert H. Stier, Jr. (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Jones & Vining, Inc. appeals a judgment entered in the Superior Court (Androscoggin County, *Perkins, J.*) on a jury verdict in favor of Louis Boivin in an action for compensatory and punitive damages arising out of an oral promise of employment. Jones & Vining argues that the court erred in submitting the issues of fraud and breach of contract to the jury and erred in permitting punitive damages. By his cross-appeal, Boivin challenges the grant of a directed verdict in favor of Jones & Vining on Boivin's claim for emotional distress. We affirm all but the award of punitive damages.

Boivin began working at Jones & Vining in 1975 as assistant manager of the injection molding department, which manufactured shoe soles. Later he became plant manager. He was fired in 1979. Boivin testified that his firing occurred just after he succeeded in reducing surplus inventory. After that, he worked as a manager of a molding department and an instructor at another company.

In early 1984, when Boivin was about 57 years old, Jones & Vining initiated contact with him to ask that he return to work for the company. In June 1984, Oscar Cloutier, who was then a vice president, asked him again to return to Jones & Vining. Boivin refused, but offered to work as a consultant, and did for about six weeks. At the end of that period, Cloutier again asked Boivin to accept full-time employment. Cloutier told Boivin that he could stay with Jones & Vining until he was 65 and could remain after that if he chose to. Boivin then accepted the job.

One of Boivin's assignments was to get rid of some inventory of injection molding materials. In October or November 1985 Jones & Vining was considering moving the injection molding department to another location in Maine. By December 1985 Boivin had eliminated the inventory he was to reduce, and in the same month he learned that the injection molding department was being moved to Jones & Vining's Leominster plant in Massachusetts. Boivin said he was willing to move to Leominster to continue his job, but in January 1986 he was told that another person had been hired to take over the job of manager of injection molding at the Leominster plant. Cloutier told Boivin there was nothing he could do for him because the Leominster management could choose whomever they wanted. Boivin's employment was extended from week to week until June 1986, when the extensions were discontinued.

One month after that he got a job managing injection molding at another firm at a lower salary. He worked there until December 1986, when he was discharged. He remained unemployed until August 1987 when he began working at a job that paid about half of his former Jones & Vining salary. Boivin sued Jones & Vining for breach of contract, fraud and negligent infliction of emotional distress. The court granted Jones & Vining's motion for a directed verdict on the emotional distress claim. The jury returned a special verdict form, awarding Boivin $110,312 for economic loss and $35,000 as punitive damages, and judgment was entered for the entire amount.

■ Jones & Vining argues that the issue of fraud should not have been sent to the jury because the claim was based on a promise of future performance. A fraud claim must be based on a misrepresentation of fact not a breach of a promise, the defendant contends. We have stated that "the breach of a promise to do something in the future will not support an action of deceit, even though there may have been a preconceived intention not to perform." *Shine v. Dodge*, 130 Me. 440, 443, 157 A. 318 (1931). However, in the same case, we stated: "The relationship of the parties or the opportunity afforded for investigation and the reliance, which one is thereby justified in placing on the statement of the

other, may transform into an averment of fact that which under ordinary circumstances would be merely an expression of opinion." *Id.* at 444, 157 A. 318 (citations omitted). Section 525 of the Restatement (Second) of Torts (1977) states: "One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation." *See also* W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts § 109 (5th ed. 1984).

The verdict against Jones & Vining must be upheld if any credible evidence and all justifiable inferences from the evidence, viewed in the light most favorable to Boivin, support the verdict. *See Jourdain v. Dineen,* 527 A.2d 1304, 1306 (Me.1987) (citing *Blackman v. Jackson,* 458 A.2d 755, 756 (Me.1983)). Contrary to Jones & Vining's contention, there was credible evidence that Jones & Vining made the promise of employment with knowledge of its falsity. Because Cloutier testified that he would have had no authority to make the promise of employment, the jury could have concluded that Cloutier failed to disclose that he lacked the authority to do so and that Jones & Vining never intended to fulfill the promise. The jury also could have concluded from all of the circumstances of Boivin's employment with Jones & Vining that it intended to employ him to reduce inventory and then to fire him. Because we uphold the award of compensatory damages on the basis of the fraud claim alone, we need not discuss Jones & Vining's contention that the court erred in submitting the issue of breach of contract to the jury.

■ An award of punitive damages is justified where the plaintiff proves by clear and convincing evidence that the defendant acted with malice. *Tuttle v. Raymond,* 494 A.2d 1353, 1354 (Me.1985). Express or actual malice exists when the tortious conduct is motivated by ill will toward the plaintiff, but punitive damages are also available "where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied." *Id.* at 1361. The award of punitive damages is within the sound discretion of the factfinder. *Id.* at 1359. Boivin contends that there was evidence of implied malice. We do not believe that Jones & Vining's conduct in this case, even though it may justify an award of compensatory damages based on fraud, can be considered outrageous.

■ The only remaining issue that requires discussion arises from Boivin's cross-appeal. Although he conceded that his claim for emotional distress was not the most important part of his case, Boivin now contends that the court erred in granting a directed verdict on that count. Our review of the record reveals that Boivin failed to establish that psychic harm "reasonably could be expected to befall [an] ordinarily sensitive person" in the circumstances of this case. *See Gammon v. Osteopathic Hosp. of Me.,* 534 A.2d 1282, 1285 (Me. 1987). Jones & Vining could be held liable in negligence only if psychic injury was a reasonably foreseeable consequence of its conduct. *Id.*

The entry is:

Judgment modified to eliminate the award of punitive damages and, as modified, affirmed.

All concurring.