Stuart **WERMAN** and Lynn **Macfarlane,** Plaintiffs,

v.

Thomas F. **MALONE, Jr.** and the **Home Insurance Company,** Defendants.

Civ. No. 90–0078–P.

United States District Court, D. Maine.

Oct. 12, 1990.

Michael P. Pagnozzi, Boston, Mass., Theodore H. Kirchner, Christopher C. Taintor, Portland, Me., for plaintiffs.

Jennifer S. Begel, Friedman & Babcock, Portland, Me., for defendants.

GENE CARTER, Chief Judge.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiffs bring this diversity action against a Maine attorney and his malpractice liability insurance carrier, seeking recovery for damages they allegedly suffered as a consequence of a real estate transaction turned sour. Plaintiffs claim that the carrier, The Home Insurance Company (Home), is liable on theories of trespass (Count III), fraud (Count IV), and breach of an implied obligation of good faith (Count V).[1] Defendant Home now moves, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the claims brought against it for failure to state a claim and for lack of jurisdiction. For the reasons that follow, the Court will grant Defendant Home's motion.

### Discussion

To resolve a motion to dismiss, the Court must construe all factual allegations in the complaint in favor of Plaintiffs and decide whether, as a matter of law, Plaintiffs could prove any set of facts which would entitle them to relief. Fed.R.Civ.P. 12(b)(6); *Roeder v. Alpha Industries, Inc.*, 814 F.2d 22, 25 (1st Cir.1987). Viewed in this manner, the Court summarizes the allegations in Plaintiffs' complaint as follows.

Plaintiffs retained Defendant Malone to represent them in a purchase of real estate in Bethel, Maine. Despite explicit instructions to the contrary, Malone closed on the property before he obtained a written soil evaluation certifying the property's capacity to sustain four septic systems. After the property had been transferred to Plaintiffs, Malone caused a soil test to be conducted, which revealed that the property could not sustain even one septic system.

As a result of Malone's actions, to which he admitted in writing, Plaintiffs served a claim demand upon Defendant Home. Home initially admitted coverage and liability on Plaintiffs' claim, but asked Plaintiffs not to file suit so that it could appraise the property's fair market value. Home also offered to settle Plaintiffs' claim by paying the difference between what the value of the property would have been had there been four subdividable lots, as bargained for by Plaintiffs, and the actual purchase price. Contrary to its request, Home never conducted an appraisal. Instead, Home entered Plaintiffs' property and conducted its

---

1. The complaint also brings claims of breach of contract (Count I) and fraud (Count II) against attorney Malone. Those claims are not at issue in this motion.

own soil test and subsequently refused to pay the claim.

## I.

■ Plaintiffs assert that Defendant Home's actions render Home liable for fraud. The Court discerns two potential theories of fraud from Plaintiffs' complaint: first, that Home misrepresented its intention to conduct a real estate appraisal on the Bethel property when, in fact, it planned to conduct its own soil test, and that Plaintiff relied on the misrepresentation and delayed filing this suit; and second, that Home promised to settle Plaintiffs' claim against Malone and then reneged on that promise. The Court concludes that these theories, alone or in combination, fail to state a claim for fraud against Home.

To succeed on their claim of fraud or deceit under Maine law, Plaintiffs must establish that Defendant Home

> (1) [has made] a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage.

*Bartner v. Carter*, 405 A.2d 194, 204 (Me. 1979) (quoting *Letellier v. Small*, 400 A.2d 371, 376 (Me.1979)). To establish the "damage" element of a fraud claim, Plaintiffs must demonstrate that they suffered pecuniary loss. *See Jourdain v. Dineen*, 527 A.2d 1304, 1307 (Me.1987).

Plaintiffs fail to state a claim for fraud because they have not alleged that they justifiably relied on Home's misrepresenta-

tions and thereby suffered an actionable injury. The only detrimental reliance asserted by Plaintiffs is their allegation that they refrained from filing suit as a result of Home's misrepresentations. *See* Complaint, ¶ 23. This allegation is insufficient as a matter of law to establish the element of detrimental reliance essential to a claim of fraud. *See Jourdain*, 527 A.2d at 1304.

■ Plaintiffs do not allege that Home fraudulently concealed the existence of the claim (or that it fraudulently lulled them into believing that litigation would not be necessary to recover on the claim), only to assert later that the action was time-barred due to the statute of limitations. In such a case, Plaintiffs could attempt to invoke the doctrine of equitable estoppel as a bar to the defense of the statute of limitations. *See, e.g., Knaysi v. A.H. Robins Co.*, 679 F.2d 1366 (11th Cir.1982); *MacKeen v. Kasinskas*, 333 Mass. 695, 132 N.E.2d 732 (1956). Alternatively, a plaintiff in those circumstances might have a cause of action for fraud. *See, e.g., West v. Western Casualty & Surety Co.*, 846 F.2d 387 (7th Cir.1988); *but see Skipper v. United States Fidelity & Guaranty Co.*, 448 F.Supp. 74 (D.S.C.1978). To make out such a fraud claim, Plaintiffs would have to allege and prove that the misrepresentation concealed the claim or delayed the initiation of litigation. Further, Plaintiffs would have to show that in reliance upon the misrepresentation they allowed the statute of limitations to run. Here, Plaintiffs do not assert such an injury, and in fact their suit against attorney Malone is proceeding in this Court. Because Plaintiffs have not alleged that they acted in reliance upon Home's misrepresentation and thereby suffered actionable injury, their claim of fraud against Home must be dismissed.[2]

---

**2.** In support of its motion to dismiss the fraud claim, Home argues that "'[t]o sustain [an action of deceit], *the representations if material and false must be of some existing facts.*'" *Forbes v. Wells Beach Casino, Inc.*, 409 A.2d 646, 656 (Me.1979) (emphasis in original) (citations omitted). Home contends, citing *Forbes*, that a breach of a promise of future performance will not support a claim of fraud under Maine law. The Maine Law Court recently retreated somewhat from the broad rule of law advanced

by Plaintiffs. *See Boivin v. Jones & Vining*, 578 A.2d 187 (Me.1990). There the Law Court upheld a jury verdict of fraud in favor of an employee against his employer. The jury found that the employer breached its promise to employ the plaintiff at least until he reached the age of 65. In an interesting opinion, the court, citing section 525 of the Restatement (Second) of Torts (1977), held that "there was credible evidence that [the employer] made the promise

## II.

Plaintiffs claim that Home was under an implied obligation to deal with them in good faith. They contend that Home's actions, culminating in the denial of liability, breached that obligation. The Court concludes that this claim fails as a matter of law.

 Under Maine Law, a duty of good faith and fair dealing is implied in contracts governed by the Uniform Commercial Code. *See Reid v. Key Bank of Southern Maine, Inc.*, 821 F.2d 9, 12–13 (1st Cir. 1987); *Schiavi Mobile Homes, Inc. v. Gironda*, 463 A.2d 722, 724–25 (Me.1983). A similar duty may exist between an insurer and its insured. *See Linscott v. State Farm Mutual Auto Insurance Co.*, 368 A.2d 1161, 1163 (Me.1977); *but see Seabury Housing Associates v. Home Insurance Co.*, 695 F.Supp. 1244, 1249 (D.Me. 1988). Fatally for Plaintiffs' claim against Defendant Home, no such duty exists between an insurer and a third-party tort claimant.

The Law Court discussed precisely this issue in *Linscott v. State Farm Mutual.* There the court stated:

> The pre-trial negotiations which may be conducted between a tort claimant and a defending insurance company are *adversary* in nature and, hence, will not give rise to a *duty* to bargain in good faith, as claimed by plaintiff. A "duty of good faith and fair dealing" in the handling of claims runs only to an insurance company's insured; it derives from a covenant implicit in the provisions of the insurance contract establishing the insurer as the representative of the insured and is, therefore, without application for the benefit of the adversary third party tort claimant. Indeed, that the insurer is the representative of the insured logically imports that the third party tort claimant's status as the adversary of the insured renders him, ipso facto, the adversary of the insured's agent. Thus, prior

to the establishment of legal liability, as the tort claimant has no legal right to require the tortfeasor to negotiate or settle, it likewise lacks right to require such action by his representative. This is true even if it is the insurer which voluntarily initiates the pre-litigation negotiations with the injured tort claimant.

*Id.* at 1163–64 (citations omitted).

It is clear that Maine law does not impose upon an insurance carrier an obligation of good faith and fair dealing in settling the claim of a tort claimant. Thus, Count V of Plaintiffs' complaint must be dismissed for failure to state a claim.

## III.

 Plaintiffs argue that, by entering the property for a purpose neither contemplated nor authorized by Plaintiffs, Home committed a trespass. The Court lacks jurisdiction to entertain this claim because the complaint fails to allege that an amount sufficient to confer jurisdiction is in controversy.

A federal court has jurisdiction to hear a case in diversity only where the matter in controversy exceeds the sum or value of $50,000. 28 U.S.C. § 1332. If the sum alleged is less than $50,000, the Court has no jurisdiction over the subject matter of the suit and the suit must be dismissed. Fed.R.Civ.P. 12(b)(1).

 Plaintiffs' trespass claim seeks one dollar in damages, plus punitive damages. Maine law allows an award of punitive damages where a plaintiff proves by clear and convincing evidence that the defendant acted with malice. *Tuttle v. Raymond*, 494 A.2d 1353, 1354 (Me.1985). Malice may be express or implied. *Id.* at 1361. Express malice is found where the defendant's conduct is motivated by ill will toward the plaintiff. *Id.* Implied malice is established "where deliberate conduct by the defendant, although motivated by something other than ill will toward any

---

of employment with knowledge of its falsity." *Id.* at 189.

Because the Court concludes that Plaintiffs here have not alleged an actionable injury in

support of its claim of fraud, it need not attempt to apply the teachings of *Boivin* to the case at hand.

particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied." *Id.; see also Boivin v. Jones & Vining*, 578 A.2d at 189.

The facts alleged by Plaintiffs fail to state a valid claim for punitive damages. Plaintiffs do not allege actual ill will, and the Court concludes, as a matter of law, that Home's conduct was not so outrageous as to justify an award of punitive damages based on a theory of implied malice. Thus the amount in controversy does not satisfy the jurisdictional statute, and the trespass claim against Home must be dismissed.

Accordingly, it is ORDERED that Defendant Home's Motion to Dismiss Counts III, IV and V be, and it is hereby, GRANTED.