STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET No. CV-03-230



NTL INVESTMENTS, LLC,

            Plaintiff

v.

BANGOR HISTORIC TRACK, INC.,

            Defendant

DECISION AND
ORDER

OCT 26 2004

This matter is before the Court on the Defendant's, Bangor Historic Track, Inc. ("BHT"), Motion to Dismiss the Plaintiff's, NTL Investments, LLC (herein "NTL"), Complaint for Failure to State a Claim pursuant to Rule 12(b)(6) and Rule 9(b) of the Maine Rules of Civil Procedure.

### Background

NTL is a limited liability corporation company organized and existing under the laws of the State of Maine and having a place of business in Newport, Maine. BHT is a Maine corporation and operator of a commercial harness racing track, the Bangor Raceway, in Bangor, Maine. According to the Complaint, in August, 2001, the parties entered negotiations concerning the construction of a new commercial racetrack facility and the leasing of video lottery terminals ("herein VLTs") to BHT, to be operated by NTL. These discussions also touched upon the referendum that would be required in order to allow the use of VLTs at the racetrack. An agreement "in principle" was reached around August, 2001, but nothing was put in writing until May, 2002, when BHT completed a final draft of the agreement. NTL executed the contract and sent it to BHT. BHT never signed the agreement and states that the negotiations broke down. NTL alleges that, in reliance upon the reached agreement, it "moved forward with

1

an aggressive campaign to allow for the passage of a referendum. Such work included the drafting of an appropriate referendum, networking throughout the harness racing community in support of the measure, and obtaining approximately 20,000 signatures on the referendum." This work was not required by the terms of the contract. The Complaint further alleges that BHT indicated that the agreement accurately reflected the agreement of the parties, that BHT promised to be bound by the agreement and that BHT promised that a fully executed contract would be delivered to NTL. Around June, 2002, BHT informed NTL of its intention not to be bound by the agreement and its refusal to execute the contract. A referendum allowing VLTs to be used by BHT was passed, but BHT has refused to perform under the terms of the agreement.

NTL has filed a Complaint against BHT alleging Breach of Contract (Count 1), Breach of Covenant of Good Faith and Fair Dealing (Count 2), Specific Performance (Count 3), Misrepresentation (Count 4) and Estoppel (Count 5). BHT filed a Motion to Dismiss all 5 counts.

## Discussion

### A.    Standard of Review

A civil action may be dismissed when the complaint fails to state a claim upon which relief can be granted. M.R. Civ. P. 12(b)(6). Such a motion tests the legal sufficiency of the plaintiff's complaint, Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995), and not the sufficiency of the evidence the plaintiff is likely to present, Barnes v. McGough, 623 A.2d 144, 146 (Me. 1993). The allegations of the complainant are viewed as true for the purposes of the motion and in a light most favorable to the plaintiff. In re Wage Pay Litigation, 2000 ME 162 ¶ 3, 52 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond doubt that the plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is

a question of law. <u>Thompson v. Dept. of Inland Fisheries and Wildlife</u>, 2002 ME 78 ¶ 4, 796 A.2d 674.

## B. Applicable Law

### 1. Breach of Contract and the Statute of Frauds

BHT argues that the agreement may not be enforced as it falls within the Statute of Frauds. 33 M.R.S.A. § 51(5) (Supp. 2003). BHT argues that the agreement was not to be performed within one year from the making thereof. Thus, as the agreement was not in writing and not signed by the "party to be charged therewith", no action may be maintained for breach of contract against BHT. *Id.* NTL argues that the agreement was to be performed within one year and that it falls within two exceptions to the Statute of Frauds. First, NTL argues that BHT has acknowledged the existence of a contract. Second, NTL argues that the agreement falls outside the Statute of Frauds because it was partially performed when NTL worked towards the passage of the referendum.

Maine's Statute of Frauds states that no action may be maintained upon any agreement that is not be performed within one year from the making thereof. *Id.* Even though it may be conceivable that an oral contract may be performed within a year, when the parties manifest an intent to perform the contract in greater than a year, the agreement falls within the statute of frauds. *See* <u>Great Hill Fill & Gravel v. Shapleigh</u>, 997 ME 75, ¶ 5, 695 A.2d 928, 930. A reading of the contract reveals that the parties did not intend for the agreement to last less than one year. The agreement was allegedly entered into on May 15, 2002 and the agreement was to terminate, at the earliest, 12 months after the date of the passage of a referendum allowing the use of VLTs. This time is clearly over a one year.

3

BHT has not acknowledged the agreement in the way that case law has envisioned. The Law Court has consistently held that such admissions occur after litigation in the form of testimony or discovery. *See e.g.* Mercier v. Town of Fairfield, 628 A.2d 1053, 1055 (Me. 1993). BHT has not made any such admission in the pleadings or motions. The only admissions that are alleged by NTL are the promises by BHT to be bound by the agreement and to execute the written agreement. Such statements, even if true, are only alleged by NTL in the pleadings and are not the kind of "admissions" envisioned by the Law Court.

Finally, the partial performance exception to the Statute of Frauds is inapplicable here. This exception only applies when a party partially or fully performs their duties *under the contract*. *See* Landry v. Landry, 641 A.2d 182, 183 (Me. 1994) ("After having induced or knowingly permitted another to perform in part an agreement, on the faith of its full performance, the other shall not insist that the agreement is void.") Here, none of NTL's alleged actions were called for under the contract, and, thus, the partial performance exception to the Statute of Frauds is inapplicable. Count 1 must be dismissed.

### 2. Breach of Good Faith and Fair Dealing

NTL claims that BHT owed them a duty of good faith and fair dealing. BHT argues that according to the Uniform Commercial Code, (" **herein U.C.C**") no such duty is owed in this case. NTL argues that public policy requires the imposition of this greater duty. The U.C.C. imposes a duty of good faith in the enforcement and performances of all contracts enforceable under the Code. 11 M.R.S.A. § 1-2003 (Supp. 2003). § 2-102 of the Code makes it perfectly clear that the Code applies only to transactions for the sale of goods. The agreement here does not deal with the sale of goods and is not subject to the U.C.C. Thus, any contract that may exist would not be subject to the U.C.C.'s duty of good faith and fair dealing. Any decision to impose

such a heightened duty in this case based on pubic policy would be properly decided by the Law Court. Count 2 must be dismissed.

## 3. Specific Performance

BHT argues that NTL's claim for specific performance is predicated on the existence of an enforceable contract. Since any contract that may exist is unenforceable, NTL's claim for specific performance is, likewise, unenforceable. BHT is correct. Since this Court should dismiss Count 1 due to the Statute of Frauds, Count 3 must be dismissed.

## 4. Misrepresentation

BHT argues that 1) NTL's claim for misrepresentation is a claim for fraud and has not been "stated with particularity" in accordance with M.R. Civ. P. 9(b), 2) NTL's allegations concern promises of future conduct and, thus, cannot serve as a basis for fraud and 3) to the extent NTL is alleging "negligent" misrepresentation in the Complaint, in addition to the above obstacles, NTL could only recover, at most, any pecuniary loss suffered as a consequence of NTL's reliance on BHT's alleged misrepresentation.

"IN all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." M.R. Civ. P. 9(b). It is not clear from the Complaint whether NTL is alleging fraud or negligent misrepresentation. Either way, NTL's claim must be dismissed. Common to a claim of fraud and a claim of negligent misrepresentation is the requirement of a false representation. Guiggey v. Bombardier, 615 A.2d 1169, 1173 (Me. 1992). In Boivin v. Jones & Vining, Inc., 578 A.2d 187 (Me. 1990), the Law Court held that a misrepresentation of intention might satisfy the false representation element of a fraud claim. It has long been established that "the breach of a promise to do something in the future will not support an action of deceit, even though there may have been a preconceived intention not to

5

perform." Shine v. Dodge, 130 Me. 440, 443, 157 A. 318 (1931). NTL alleges that "the Defendant failed to exercise reasonable care or competence in communicating . . . false information to the Plaintiff, or, alternatively, intentionally and/or knowingly communicated such false information . . . ." This information was BHT's intent to be bound by the agreement and BHT's alleged promise to execute the agreement and return it to NTL. Such promises constitute a promise to perform and cannot be the basis for NTL's claim for either fraud or negligent misrepresentation. Thus, even if NTL could amend the Complaint to clarify the claim or bring it in conformity with M.R. Civ. P. 9(b), it would still fail. Count 4 must be dismissed.

### 5. Estoppel

The Complaint is not clear as to whether NTL is referring to promissory or equitable estoppel, but BHT argues that the Complaint fails to state a claim under either doctrine. The Complaint fails to effectively allege claims under either promissory or equitable estoppel.

#### a. Promissory Estoppel

A plaintiff states a claim for promissory estoppel if he alleges 1) a promise which the promisor 2) reasonable expects to induce action by a third party and which 3) does induce such action and 4) injustice can be avoided only be enforcement of the promise. Struck v. Hackett, 668 A.2d 411, 420 (Me. 1995). NTL has failed to allege how injustice can be avoided only by enforcement of the promise and has, instead simply argued that it has alleged those elements in the Complaint. The Complaint has not sufficiently alleged how injustice can be avoided only be the enforcement of the promise, but has simply stated a claim of "estoppel.". The Plaintiff cannot maintain a promissory estoppel claim under these circumstances.

6

### b. Equitable Estoppel

A claim for equitable estoppel is available as a defense against the Statute of Frauds. "After having induced or knowingly permitted another to perform in part an agreement, on the faith of its full performance by both parties and for which he could not well be compensated except by specific performance, the other shall not insist that the agreement is void [for lack of a writing]." Great Hill Fill & Gravel, Inc. v. Shapleigh, 1997 ME 75, ¶ 6, 692 A.2d 928, 930. NTL never performed any part of the alleged agreement, therefore the equitable estoppel doctrine is not available the NTL in this case. Count 5 must be dismissed.

Accordingly, the entry is:

BHT's Motion to Dismiss is **GRANTED**.

The Clerk may incorporate this Decision and Order into the docket by reference.

DATED: Oct. 4, 2004

_____
Justice, Maine Superior Court
Andrew M. Mead

7

NTL INVESTMENTS LLC - PLAINTIFF
P O BOX 1210
BANGOR ME 04402
Attorney for: NTL INVESTMENTS LLC
THEODORE IRWIN JR - RETAINED 12/16/2003
IRWIN, TARDY & MORRIS
52 CENTER STREET
PORTLAND ME 04101

Attorney for: NTL INVESTMENTS LLC
ROBERT MORRIS  - RETAINED 12/16/2003
IRWIN, TARDY & MORRIS
52 CENTER STREET
PORTLAND ME 04101

vs
BANGOR HISTORIC TRACK INC - DEFENDANT

Attorney for: BANGOR HISTORIC TRACK INC
BRUCE MERRILL  - RETAINED 01/07/2004
LAW OFFICE OF BRUCE M. MERRILL PA
225 COMMERCIAL ST., SUITE 401
PORTLAND ME 04101

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00230

**DOCKET RECORD**

Filing Document: COMPLAINT
Filing Date: 12/16/2003                    Minor Case Type: CONTRACT

## Docket Events:

12/16/2003 FILING DOCUMENT - COMPLAINT FILED ON 12/16/2003

12/16/2003 Party(s):  NTL INVESTMENTS LLC
        ATTORNEY - RETAINED ENTERED ON 12/16/2003
        Plaintiff's Attorney: THEODORE IRWIN JR

12/16/2003 Party(s):  NTL INVESTMENTS LLC
        ATTORNEY - RETAINED ENTERED ON 12/16/2003
        Plaintiff's Attorney: ROBERT MORRIS

12/16/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/16/2003
        TO PLAINTIFF'S ATTORNEY.

01/02/2004 Party(s):  BANGOR HISTORIC TRACK INC
        SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/31/2003

01/02/2004 Party(s):  BANGOR HISTORIC TRACK INC
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/22/2003
        AS TO DEFENDANT BANGOR HISTORIC TRACK, INC. BY FRED NICHOLS.

01/07/2004 Party(s):  BANGOR HISTORIC TRACK INC
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 01/07/2004
        ANSWER, SEPARATE AND AFFIRMATIVE DEFENSES, AND JURY DEMAND BY DEFENDANT

01/07/2004 Party(s):  BANGOR HISTORIC TRACK INC
        MOTION - MOTION TO DISMISS FILED ON 01/07/2004

Printed on: 10/04/2004