STATE OF MAINE                                         SUPERIOR COURT
CUMBERLAND, ss.                                        CIVIL ACTION
                                                       Docket No. RE-07-52

2001 MAY -2 P 3: 25

VICTOR BERNIER,

        Plaintiff,

        v.                              ORDER
                                                DONALD L. GARBRECHT
ROBERT F. HANSON JR.,                            LAW LIBRARY

        Defendant.                               AUG 02 2001


Before the court is defendant Robert F. Hanson's motion to dismiss the complaint.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 756 A.2d 217, 220.

1.      Count I, although captioned "unconscionability," alleges that plaintiff Victor Bernier placed trust and confidence in Hanson and that there was a great disparity of position or influence between the parties. This is sufficient to state a claim for breach of fiduciary duty. See Stewart v. Machias Savings Bank, 2000 ME ¶¶ 10-11, 762 A.2d 44, 46.

2.      In support of his argument that Count II of Bernier's complaint should be dismissed, Hanson cites what he describes as a general rule that the breach of a promise to do something in the future will not support a claim for deceit. See Shine v. Dodge,

130 Me. 440, 443 (1931). The court has some doubt that the <u>Shine</u> rule is still good law, at least under the circumstances of this case. <u>See</u> Restatement (Second) Torts § 530(1).

Moreover, even if <u>Shine</u> is still good law, Count II of the complaint – although entitled "fraudulent misrepresentation" – essentially alleges that Bernier was induced to transfer his home to Hanson for a fraction of its value in exchange for promises that Bernier could live there rent free for the rest of his life and that Hanson would prevent foreclosure and pay all future property taxes. If Hanson made such a promise and breached that promise, this would constitute a breach of contract.[1]

3. As for Count III of the complaint, the court concludes that the alleged behavior of Hanson, taken as a whole and in the light most favorable to plaintiff, could be found to be so extreme and outrageous so as to exceed all bonds of decency. Accordingly, Count III of the complaint survives Hanson's motion to dismiss.

4. The foregoing is sufficient to dispose of the pending motion. While the motion was pending, counsel for Bernier submitted a psychological evaluation of Bernier which suggests that a financial conservator should be appointed for him. The court has not considered that document in ruling on the motion to dismiss. However, it does raise the issue of whether Bernier was competent to enter into the transaction whereby he transferred his residence to Hanson.

If Bernier wishes to amend his complaint to assert such a claim, he should do so within 20 days from the date this order is entered. Bernier should also clarify within 20 days whether he is pursuing a breach of contract claim in Count II or solely a tort action for fraud.

The entry shall be:

---

[1] Although punitive damages would not be available on a contract claim, the court cannot conclude that Bernier would not be entitled to some relief under the facts he has alleged.

2

Defendant's motion to dismiss is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     May __2__, 2007

_Thomas D. Warren_
Thomas D. Warren
Justice, Superior Court

3

MARTICA DOUGLAS ESQ
PO BOX 7108
PORTLAND ME 04112

OF COURTS
rland County
. Box 287
laine 04112-0287

GEORGE MARCUS ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. RE-07-52

VICTOR J. BERNIER JR.,

        Plaintiff,

        v.                                        ORDER

ROBERT F. HANSON JR.,

        Defendant.

Before the court is defendant Robert F. Hanson's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case the court has reviewed the statements of material facts submitted by the parties, has considered Hanson's objections to admissibility or factual support, has, where appropriate, disregarded the facts asserted by plaintiff Victor Bernier, and has reviewed the record particularly in the areas of factual dispute.

The court concludes that there are sufficient factual disputes to general material issues for trial on each of the three causes of action brought by Bernier.

1.    Fiduciary Duty Claims

Hanson argues that he only dealt with Bernier on two occasions and argues that the undisputed record establishes the absence of any fiduciary relationship. Bernier may face an uphill battle on this claim, given the brevity of the relationship. However, the court concludes that there are disputed issues for trial on this issue.

For such a fiduciary relationship to exist, there must be the actual placing of trust or confidence by one party and a great disparity of position and influence between the parties. *See Stewart v. Machias Savings Bank*, 2000 ME 207 ¶ 10, 762 A.2d 44, 46. The disparity of position must be such as to place one party in such a vulnerable position that the party lets down all guards and defenses. *Id.*, 2000 ME 207 ¶¶ 11-12, 762 A.2d at 46-47. Significantly, most if not all cases involving breach of fiduciary duty involve situations where the alleged fiduciary had a hidden agenda. *See, e.g., Morris v. Resolution Trust Corp.*, 622 A.2d 708, 711-13 (Me. 1993). Accepting Bernier's version of the facts – as the court is required to do on a motion for summary judgment – Hanson had an agenda that was hidden from Bernier in this case.

In this case there is evidence from which a trier of fact could conclude that Bernier is and was disabled by a condition known as myotonic dystrophy, which results, *inter alia*, in slurred speech, memory lapses and difficulty understanding what people are saying. Bernier SMF Opposing Summary Judgment, dated March 14, 2008 ¶¶ 3, 5. This creates an issue of fact as to whether Bernier was in an exceptionally vulnerable position. Even though Bernier and Hanson had a very short term relationship, there is also evidence from which a trier of fact could conclude that based

2

on defendant's behavior and alleged promises, Bernier actually placed trust and confidence in a person he believed was trying to help him. Finally, there is evidence, based on Hanson's sophistication as an experienced businessman, the circumstances of their meetings, and the disability and vulnerability of Bernier, that there was a great disparity of position and influence between the parties, and that Bernier let down all guards and defenses.[1]

Whether a confidential or fiduciary relationship existed is a question of fact. *See Ruebsamen v. Maddocks*, 340 A.2d 31, 35 (Me. 1975). Without in any way predicting the outcome on this issue, the court concludes that Hanson's motion for summary judgment on Count I should be denied.

In his papers Hanson also argues that Bernier will not be able to prove any economic damages and that if Bernier prevails, his only remedy will be rescission. Hanson's criticisms of Bernier's affirmative evidence as to fair market value (to the extent that such evidence is contained in the present record) may be well taken, but Hanson is not entitled to summary judgment on that issue because his statement of material facts does not contain any assertions as to the value of the property. A party opposing summary judgment is only obliged to controvert the factual assertions of the movant and is not obliged to offer evidence on factual aspects of the case that are not challenged by the movant. *See Corey v. Norman Hanson & Detroy*, 1999 ME 196 ¶ 9, 742 A.2d 933, 938.

---

[1] Among the factual disputes between Hanson and Bernier is that the former characterizes the transaction as an arms length transaction where Bernier was represented by counsel although the lawyer in question states she only represented Hanson and denies that she ever represented Bernier. *Compare* Hanson SMF dated February 8, 2008 ¶ 21 *with* Bernier SMF Opposing Summary Judgment ¶¶ 40-41.

Whether Bernier can prove any economic damages and the contours of any equitable relief to which he may be entitled[2] are issues to be resolved at the time of trial and issues that are dependent on the outcome at trial.

2.    Fraud

In previously ruling on defendant's motion to dismiss Count II of the complaint, the court noted that defendant was relying on language in *Shine v. Dodge*, 130 Me. 440, 443 (1931). The court expressed its doubts as to whether that aspect of *Shine* was still good law, and also opined that Count II could state a claim for breach of contract. It directed that Bernier should clarify whether he was pursuing a breach of contract claim.

Bernier has chosen not to pursue a contract claim, so the court now must return to the question of whether *Shine* is good law or whether Count II states a claim for misrepresentation pursuant to Restatement (Second) Torts § 530(1) (1977) and cases decided subsequent to *Shine*. *See Boivin v. Jones & Vining Inc.*, 578 A.2d 187, 188-89 (Me. 1990); *Wildes v. Pens Unlimited Co.*, 389 A.3d 837, 840 (Me. 1978). The court concludes that the language in *Shine* relied on by Hanson is no longer controlling in light of subsequent authority and that Hanson is not entitled to summary judgment on Count II. This is similar to the conclusion reached by the U.S. District Court in *Veilleux v. National Broadcasting Co.*, 8 F.Supp.2d 23, 32-33 (D. Me. 1998) (Brody, J.).

3.    Intentional Infliction of Emotional Distress

Hanson argues that he should be granted summary judgment on Count III of Bernier's complaint (intentional infliction of emotional distress) because Bernier has not

---

[2] Including but not limited to the issue of whether, if Bernier prevails on the argument that the appropriate relief is rescission of the transaction, rescission should include repayment of the $15,000 paid by Hanson.

4

offered evidence demonstrating that Hanson's conduct was extreme and outrageous or that Bernier suffered emotional distress so severe that no reasonable person could have been expected to endure it. *See Curtis v. Porter*, 2001 ME 158 ¶ 10, 784 A.2d 18, 22-23.

On the record before the court, there is a sufficient factual dispute as to whether Hanson's conduct was extreme and outrageous to conclude that summary judgment is unwarranted. In addition, while Hanson faults Bernier for not offering evidence as to the severity of his emotional distress, it is necessary to look to Hanson's motion papers to determine whether Hanson offered evidence on that issue and thereby obliged Bernier to establish a factual dispute on that issue.

Hanson's statement of material facts on this issue is limited to the assertion that the only changes that Bernier had to make to his lifestyle while he was paying rent were to forego going out on Wednesday night and to decrease the amount of his automobile travel. Hanson SMF dated February 8, 2008 ¶ 32. Accepted as true, this simply does not speak to Bernier's emotional distress. If Hanson wished to put that subject in issue, he needed to assert and offer evidence that Bernier's emotional distress was moderate or nonexistent, as opposed to severe. In that case Bernier would have been obligated to offer evidence sufficient to generate a factual dispute on this issue. Hanson's SMF did not address Bernier's emotional harm, and Bernier was therefore not obligated to controvert that issue.


4.    Rule 11

Bernier's suggestion that Hanson's motion is sufficiently baseless to be subject to sanctions under Rule 11 is denied.

The entry shall be:


5

Defendant's motion for summary judgment is denied in all respects. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:      September _3_, 2008

Thomas D. Warren
Justice, Superior Court

*Erika Frank*

JAMES BOWIE ESQ
PO BOX 4630
PORTLAND ME 04112

MARTICA DOUGLAS ESQ
PO BOX 7108
PORTLAND ME 04112

*Plaintiff*

*Robert Hanson Jr*

DAVID JOHNSON ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101-4102