STATE OF MAINE                                    SUPERIOR COURT
                                                  AMH - SAC, 10/24/2012
Sagadahoc, ss.

TOPSHAM L & K 1 LLC

                    Plaintiff

        v.                                        Docket No. BATSC-CV-12-011

VILLAGE CANDLE, INC.

                    Defendant

                              ORDER

        Defendant's Motion to Amend Answer to Assert An Additional Affirmative
Defense and a Counterclaim is before the court, with Plaintiff's objection thereto and
Defendant's reply.  The court elects to decide the motion without oral argument, *see*
M.R. Civ. P. 7(b)(7).

        The motion seeks leave to amend the Defendant's answer to complaint to assert
the additional affirmative defense of fraud, and to assert a counterclaim based on fraud.
For the reasons set forth herein, the Defendant's Motion is denied.

        First, the Motion to Amend was filed late, after the deadline set for such motions
in the May 16, 2012 scheduling order.  Admittedly, the Motion was only four days late,
but it was late.  Second and perhaps more to the point, the proposed fraud counterclaim
is legally insufficient and therefore the proposed amendment would be futile.

        The alleged fraud is described in paragraphs 5-7 of the proposed counterclaim.
In essence, Defendant claims that Plaintiff offered to extend the lease between the
parties from March 1 to March 31 if the Defendant paid its existing financial
obligations.  The Plaintiff's complaint claims that the Defendant occupied the premises
as a "holdover"; the Defendant claims that there was a contract to extend, on terms set
forth in Exhibit A to the proposed counterclaim.  The alleged fraud is described as
follows: Plaintiff "never intended to honor its promises to extend the Lease.  Rather, its
intention was to induce Village Candle, Inc. to believe that it had a valid extension of
the Lease, and then thereafter claim it did not, enabling it to make a meritless claim for
damages."

        For two reasons, the counterclaim is insufficient.  Under Maine law, a damages
claim for fraud requires misrepresentation as to an existing fact, and a breach of a
promise to do something in the future cannot qualify, at least in the absence of some
special relationship between the parties, which is not alleged. *See Boivin v. Jones &
Vining Inc.*, 578 A.2d 187, 188-89 (Me. 1990); *Shine v. Dodge*, 130 Me. 440, 443, 157 A.
318(1931). Second, as the Plaintiff points out, there is no particularized allegation of
damages.

                                  1

Either there was an agreement to extend the lease term to March 31 or there was not. If there was an extension agreement, as Defendant asserts, then Plaintiff's alleged intent not to honor the agreement is irrelevant, and Plaintiff's claim under the "holdover" provisions of the lease is indeed meritless.[1] If there was no binding agreement, then again Plaintiff's alleged intent not to honor an agreement it did not make is irrelevant. Either way, Defendant has not alleged any loss or damages resulting from the alleged fraud.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order by reference in the docket.

Defendant's Motion to Amend is denied.

Dated October 24, 2012

Justice, Superior Court

---

[1] Moreover, since Plaintiff has pleaded only the holdover theory and not any alternative basis for recovery of rent for March 1-31, Plaintiff will recover nothing that period if Defendant's assertion regarding an agreement is correct.

TOPSHAM L&K1 LLC - PLAINTIFF

Attorney for: TOPSHAM L&K1 LLC
STANLEY GREENBERG  - RETAINED
GREENBERG & GREENBERG
97A EXCHANGE ST SUITE 404
PORTLAND ME 04101


vs
VILLAGE CANDLE INC - DEFENDANT
PO BOX 889
WELLS ME 04090
Attorney for: VILLAGE CANDLE INC
LEE BALS  - RETAINED
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035


Filing Document: COMPLAINT
Filing Date: 04/10/2012

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-CV-2012-00011

**DOCKET RECORD**

Minor Case Type: CONTRACT