GRACE M. CARTER *vs.* ERNEST B. ORNE.

Cumberland.    Opinion November 23, 1914.

*Agreement.    Allegation.    Breach.    False Representations.    Remedy.    Variance.*

In an action of deceit, upon defendant's exceptions to the refusal of the presiding
Judge to order a verdict for the defendant, it is

*Held:*

1.    That there was a fatal variance between the first alleged misrepresentation
and the evidence.   The allegation was that the defendant stated that one
Haggett had sold one hundred copies of the plaintiff's song when demonstrating
in Lewiston, while the evidence   only showed that the defendant said he had
received a letter from Haggett to that effect.

2.    That the second alleged false statement, viz: that "the defendant agreed
that the second lot of one hundred copies should be sold only in Lewiston,
while the said Haggett was demonstrating there, and  only for advertising
purposes," related not to some material existing fact, but to a promise for the
future, and therefore was not properly a representation, but an agreement.

3.    That the plaintiff's remedy, if any, is in contract and not in tort.

On exceptions by the defendant.    Exceptions sustained.

This is an action on the case, brought in the Superior Court for
Cumberland County, for deceit, wherein the plaintiff alleged that
the defendant, by false and fraudulent representations, induced the
plaintiff to deliver to said defendant certain copies of a song entitled
"Regret," on which song plaintiff was the owner of a copyright; and
that, by reason of the aforesaid deceit and false representations,

she sustained damages.   Plea, the general issue.   The jury returned a verdict for the plaintiff of $225.   During the trial, the defendant excepted to the admission and exclusion of evidence by the presiding Judge, and filed a motion for a new trial.

The case is stated in the opinion.

*Hinckley & Hinckley,* for plaintiff.

*Harry E. Nixon, and Jacob H. Berman,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J.   It is only necessary to consider the exception to the refusal of the presiding Judge to order a verdict for the defendant.

This is an action of deceit.

After reciting by way of preliminary statement that one Haggett, the alleged agent of the defendant, on November 23rd, 1912, had secured from the plaintiff one hundred copies of a song written by her, for the purpose of demonstrating the same in Lewiston, at an agreed price of four cents each, the declaration sets forth the false representations in these words:   "That on or about the 28th day of November, 1912, the said Ernest B. Orne came to the home of the said plaintiff and informed her that Haggett received the one hundred copies for him and sold them all in Lewiston while demonstrating, and he desired to get another one hundred copies for the same purpose and agreed that the second lot of one hundred copies should be sold only in Lewiston while the said Haggett was demonstrating there and only for advertising purposes."   And the declaration further alleges that the misrepresentations were made with an intent to defraud the plaintiff, and that the defendant in fact intended to sell and did sell the copies in Portland.

In the first place there is a fatal variance between the first allegation of false representation and the evidence in support of the same. The allegation is that the defendant informed the plaintiff that Haggett had sold the one hundred copies in Lewiston, while demonstrating there, but the only evidence on this point is the plaintiff's own testimony that the defendant said "I had a letter from Mr. Haggett, asking me if I would come to you and get another hundred copies of "Regret" as the first hundred that he got the Monday morning before had gone like hot cakes" &c.   This falls fatally short

of the allegation. It does not state that Haggett had sold all the copies, but simply that Orne had received a letter from Haggett to that effect, and there is no evidence to show that he did not receive such a letter. So far as the record discloses, the defendant's statement was absolutely true. For this reason this alleged misrepresentation fails.

The second alleged false statement relates not to some material existing fact, but to a promise for the future. The declaration sets forth that the defendant "agreed that the second lot of one hundred copies should be sold only in Lewiston while the said Haggett was demonstrating there and only for advertising purposes." The breach of this agreement is really the gist of the complaint, so that the plaintiff has misconceived her remedy. It should have been in contract and not in tort. A case strongly in point is *Dawe* v. *Morris*, 149 Mass., 188, where the Court say: "A representation, in order that, if material and false, it may form the ground of an action where one has been induced to act by reason thereof, should be one of some existing fact. A statement promissory in its nature that one will thereafter sell goods at a particular place or time, will pay money, or do any similar thing, or any assurance as to what shall thereafter be done, or as to any further event, is not properly a representation but a contract, for the violation of which a remedy is to be sought by action thereon." The prior allegation as to the actual sale of one hundred copies, if separated from the promise to sell the second lot also in Lewiston, is entirely unimportant and immaterial because if the defendant had actually sold the second lot in Lewiston as he agreed to do, no action could have been maintained by reason of any false representation in regard to the first lot, and no injury could have resulted to the plaintiff thereby. The only injury claimed by the plaintiff is because of the defendant's failure to perform his agreement, and for that injury the remedy sounds in contract and not in tort. *Ross* v. *Reynolds*, 112 Maine, 223.

*Exceptions sustained.*