FRED I. ALBEE *vs.* TIMOTHY LAROUX.

Cumberland.   Opinion February 24, 1923.

*More is required to sustain an action of deceit, based as it is upon false and fraudulent representations as to existing material facts, than to support an action of fraud, as there is a clear distinction between the general term fraud and the specific term deceit or fraudulent representations, and the facts to substantiate the latter may be inadequate to sustain the former.*

Such an action cannot be maintained upon a broken promise by defendant to pay for purchased goods at a certain time, even though it appear that the defendant had a preconceived design never to pay for the goods.

On report. This is an action of deceit to recover the purchase price of $2,191.05 for seventy-three hogs, the defendant having promised at the time of delivery that he would pay for them in about three weeks.

The cause was tried in the Superior Court of Cumberland County without a jury, exceptions being reserved, and at the conclusion of the testimony by agreement of the parties it was reported to the Law Court. Judgment for defendant.

The case is stated in the opinion.

*William A. Connellan and Harry H. Cannell,* for plaintiff.

*Benjamin L. Berman and Jacob H. Berman,* for defendant. •

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. On report. This is an action of deceit brought to recover the value of certain hogs purchased by the defendant from the plaintiff. The false and fraudulent representations are alleged in the writ in these words: "The defendant . . . . did then and there falsely, deceitfully and fraudulently assert and affirm to the said plaintiff that if said plaintiff would deliver and transfer to him said hogs, he the said defendant would pay to the said plaintiff as purchase price of said hogs the sum of two thousand, one hundred and ninety-one dollars and five cents, ($2191.05) at a certain future time, to wit, three weeks, more or less, from said time : . ." The declaration further alleges a preconceived fraudulent design never to pay for said hogs, and it is upon this preconceived design that the plaintiff rests his cause of action in this case, relying upon *Burrill* v. *Stevens,* 73 Maine, 395, and *Atlas Shoe Co.* v. *Bechard,* 102 Maine, 197.

In the former case suit was brought upon a promissory note given by the defendant in consideration of a promise by the payees to deliver to him certain personal property at a future time. The defense set up was fraud, and the court stated the issue to be whether getting property by a purchase upon credit with an intention on the part of the purchaser never to pay for the same constitutes such a fraud as will entitle the seller to avoid the sale, "although there are no fraudulent misrepresentations or false pretenses." Although the authorities elsewhere are divided, the court held that such a doctrine should obtain here and upheld the defense on the ground of fraud. The same principle was affirmed in *Atlas Shoe Co.* v. *Bechard,* 102 Maine, 197, supra, where an action of trover was sustained on the ground that at the time the defendant purchased the goods in question he

had the intention never to pay for them. The sale was there held to be avoided by the fraud and no title passed.

But those cases are not in point here. There is a clear distinction between the general term fraud and the specific term deceit or fraudulent representations, and the facts to substantiate the one may be inadequate to substantiate the other. The opinions in these very cases carefully noted the distinction. They both said when at the time of the purchase of the goods there is an intent never to pay for them, the sale may be avoided for fraud "although no false and fraudulent representations are made by the purchaser." The facts in those cases were deemed by the court to constitute such fraud as to avoid the sale, but also were deemed insufficient to support the charge of false and fraudulent representations, because a broken promise cannot supply the necessary elements.

As the pending case is presented to the Law Court it is simply an action of deceit and is based upon so-called false and fraudulent representations. To sustain such an action, the representations if material and false must be of some existing facts. They speak of the present and not of the future. Here the representation as alleged and supported by proof is merely a promise to do something in the future which the defendant did not do. It was in no way connected with an existing fact. Clearly this form of action cannot be maintained. *Carter* v. *Orne,* 112 Maine, 365; *Dawe* v. *Morris,* 149 Mass., 188.

*Judgment for defendant.*