E. H. Stewart and Louisa P. Stewart *vs.* Frank W. Winter.

Androscoggin.    Opinion, August 21, 1934.

*Pulsifer & Ludden,* for plaintiffs.
*Frank W. Winter pro se*
*Elwyn H. Gamage,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.    Action of deceit. On motion therefor, the Justice presiding directed a verdict for the defendant. The case is before us on two exceptions, first to the direction of the verdict, and second, to the ruling of the Court in ordering all of the testimony of the plaintiffs' witness, Harold S. White, to be stricken from the record as inadmissible.

### FIRST EXCEPTION

The action is founded on nine alleged false and fraudulent representations, all of which, excepting one, clearly did not pertain to any existing or preexisting fact but were simply promises for performance of acts in the future. Promises of performance of future acts do not constitute actionable representation.—*Long* v. *Woodman,* 58 Me., 53; *Carter* v. *Orne,* 112 Me., 367, 92 A., 289, 290; *Albee* v. *La Roux,* 122 Me., 273, 119 A., 626, 627.

The excepted representation as alleged in the declaration in the writ was "that he" (meaning the defendant) "had eighteen Guernsey cows coming down immediately with a Mr. Sargent, said cows to be placed in said barn." This representation may be said to consist of two statements, first, not clearly so expressed but probably intended as an existing fact that he *then had* the eighteen cows, and second, that Sargent would "bring them down to the barn" on the farm of which the defendant gave the plaintiffs the lease, the latter statement constituting simply a promise for the performance of a future act. Then does the fact that the promise relied on, that the cows would be brought to the barn, accompanied by a statement that he had them (giving the plaintiffs the benefit of such an interpretation) constitute a representation which would be a basis for an action of deceit? In the somewhat analogous case of *Carter* v. *Orne,* supra, our Court indicated it would not, saying:

"The prior allegation as to the actual sale of one hundred copies, if separated from the promise to sell the second lot also in Lewiston, is entirely unimportant and immaterial because if the defendant had actually sold the second lot in Lewiston as he agreed to do, no action could have been main-

tained by reason of any false representation in regard to the first lot, *and no injury could have resulted to the plaintiff thereby*. The only injury claimed by the plaintiff is because of the defendant's failure to perform his agreement, and for that injury the remedy sounds in contract and not in tort. *Ross* v. *Reynolds*, 112 Me., 223."

The evidence of both plaintiffs accords with and supports our interpretation of this representation, for they testified that before the lease was executed the defendant told them that he had the eighteen cows and that they would be taken to the farm. If at the time the words were spoken the defendant did not have the eighteen cows but later had gotten them and Sargent had brought and placed them in the barn at the stated time, no action of deceit could have been maintained against the defendant because the plaintiffs would not have been "misled to their damage" by the misrepresentation. Damage as a result is essential in actionable deceit. *Patten* v. *Field*, 108 Me., 299, 81 A., 77 ; *Gilbert et al* v. *Dodge*, 130 Me., 417, and cases cited therein on page 419, 156 A., 891.

Lest we be misunderstood, however, it should be stated that we do not hold that such a false representation, even without damage, could not amount to fraud so as to justify the avoidance of a contract by the party defrauded.

" . . . It is universally held that the most sacred instrument may be avoided for fraud. . . . 'Fraud has been defined to be any cunning, deception or artifice used to circumvent, cheat or deceive another. Words and Phrases, vol. 3, 2943.' " *Great Northern Manufacturing Co.* v. *Brown*, 113 Me., 51, 53, 92 A., 993.

To constitute fraud the false representation must actually be relied on. *Duffy* v. *Metropolitan Life Ins. Co.*, 94 Me., 420, 47 A., 905 ; *Hotchkiss* v. *Bon Air Coal & Iron Co.*, 108 Me., 34, 78 A., 1108 ; *Erie City Iron Works* v. *Cushnoc Paper Co.*, 113 Me., 222, 93 A., 356 ; *Patten* v. *Field*, 108 Me., 299, 81 A., 77.

One in relying upon a false representation may be led to make a contract and yet be damaged not as a result of reliance on the representation but by reason of the breach of some promise in the contract separate and independent from the representation. The

relation of cause and effect may not exist, or if so, the effect may not be the proximate result of the fraud.

Fraud vitiates contracts. *Warren* v. *Kimball*, 59 Me., 264; *Whittier* v. *Vose*, 16 Me., 398, 406. A defrauded party has an election to affirm or rescind. *Getchell* v. *Kirkby*, 113 Me., 91, 94, 92 A., 1007. Still, unless damage results from the representation, while there may be such fraud as to justify a rescission or an avoidance of the contract, yet there must proximately result actual damage in order to maintain an action of deceit. Without damage it is not actionable fraud. In the case at bar no such damage appears as a result of the representation that he had the eighteen cows. The damage, if any, that did result was occasioned by breach of his promise to bring the cows to the barn; but the remedy for this was assumpsit for breach of the contract and not an action of deceit.

It is observed, however, that the learned counsel for the plaintiffs apparently did not rely on this representation as one of an existing fact. In his brief he said: "The trap was baited with a promise the defendant did not keep and never intended to keep," thus indicating that his sole reliance was placed on the promises made for performance of future acts with no intention at the time of the making of the promises to keep them. He stated further: "On this undisputed evidence I claimed the right to go to the jury on the issue of fact that at the time of the execution of the contract itself Mr. Winter had the fraudulent intent of not fulfilling his obligation under it."

To sustain his contention, counsel invoked *Burrill* v. *Stevens*, 73 Me., 395, an action brought upon a promissory note given by the defendant in consideration of a promise by the payees to deliver to him certain personal property at a future time. The defense set up was fraud and the Court stated the issue to be whether getting property by a purchase upon credit with an intention on the part of the purchaser never to pay for the same constitutes such a fraud as will entitle the seller to avoid the sale, although there are no fraudulent misrepresentations or false pretenses. The Court held that such fraud was a defense.

Later, in *Albee* v. *LaRoux*, supra, Chief Justice Cornish distinguished that case from one of deceit and said:

"There is a clear distinction between the general term fraud and the specific term deceit or fraudulent representations, and the facts to substantiate the one may be inadequate to substantiate the other. . . . When at the time of the purchase of the goods there is an intent never to pay for them, the sale may be avoided for fraud 'although no false and fraudulent representations are made by the purchaser.' The facts in those cases" (one of which was *Burrill* v. *Stevens*, supra, relied on by the plaintiffs in this case) "were deemed by the court to constitute such fraud as to avoid the sale, but also were deemed insufficient to support the charge of false and fraudulent representations, because a broken promise cannot supply the necessary elements."

This is later confirmed in *Shine* v. *Dodge*, 130 Me., 440, in which on page 443, 157 A., 318, 319 our Court said:

"The allegation in the declaration that the defendant represented that she would guarantee the dividends on the stock is quite immaterial, for it is well settled in this state that the breach of a promise to do something in the future will not support an action of deceit, even though there may have been a preconceived intention not to perform. *Albee* v. *LaRoux*, 122 Me., 273, 119 A., 626."

In view of the law enunciated in the cases just cited, the Court directed rightly a verdict for the defendant for acceptance of the facts, both as alleged and proved by the plaintiffs, could not constitute an actionable claim on which to base this form of action.

## SECOND EXCEPTION

The plaintiffs excepted to the striking out of the testimony of the plaintiffs' witness, White, all of which related to damages. The striking out of this testimony could not and did not prejudice the plaintiffs, even if it were an erroneous ruling, for damages because material only upon establishment of liability and this the plaintiffs failed to do.

*Exceptions overruled.*