This matter comes before me on a motion to dismiss the bill of complaint as to the defendant Isaac Gross. I feel that the motion should prevail.
The allegations of fraud, on the part of Isaac Gross, as stated in the bill, violates the provisions of rule 47 of this court, in that the particulars of the alleged fraud are not expressed in the complaint. That is a serious omission. Gorlin v. CameoTheatres, Inc., 122 N.J. Eq. 175; Schuler v. Southern Iron andSteel Co., 77 N.J. Eq. 60.
Further, the bill of complaint fails to state that Isaac Gross, as agent of the Modern Medical Associates, obtained possession *Page 154 
of the cash of the company. There is no allegation to that effect; and there can be no unfavorable presumption against Gross under such circumstances. Earle v. American Sugar RefiningCo., 74 N.J. Eq. 751; Stout v. Seabrook's Executors, 30 N.J. Eq. 187,193.
The stipulation relating to the distribution of the assets of the Rectal Colon Institute, provides that Isaac Gross was required to divide the moneys which he withdrew from the Philadelphia bank. The complainant admits in the bill that Gross made the division as stipulated, and that "the cash deposits of Rectal Colon Institute were distributed in accordance with the terms of said stipulation, Exhibit B, and that * * * complainant received fifty per cent. thereof from the estate of James P. Coll, deceased." That affirmation in the bill, therefore, bars the complainant from pursuing his suit under such stipulation.
The bill charging the violation of the stipulations, ExhibitsA and B, says "the defendant Isaac Gross, and the other defendants, or some of them" procured certain funds of the corporation which were not accounted for to the complainant. (Paragraphs 17, 19 and 20.) Those allegations are not clear, certain or specific, lack precision, and, consequently, fail to observe the rules of pleading which require certainty and particularity, so as to furnish the defendant with complete information of the facts which he is called upon to answer.Kuser v. Cooke, 112 N.J. Eq. 553; Search's Administrator v.Search's Administrators, 27 N.J. Eq. 137, 139; Smith'sAdministrator v. Wood, 42 N.J. Eq. 563; Schuler v. SouthernIron and Steel Co., supra; see, also, Viscount v. Epstein, 60N.J.L.J. 338.
As to the moneys of the Modern Medical Associates, mentioned in the stipulation, Exhibit A, the bill is barren of any allegation that Isaac Gross collected those moneys. It does state that he could collect the moneys only after a resolution to that effect was adopted by the directors of the Modern Medical Associates, giving him the right to collect the same. There is no allegation that such a resolution was ever enacted.
Again, Exhibit C, indicates that the bank required a certain *Page 155 
resolution to be signed by Mrs. Dorothy Coll before the money would be released. The bill is silent as to the passage, execution or signing, of such resolution and its delivery to Isaac Gross.
I shall advise an order granting the motion of counsel for the defendant Isaac Gross.