**Savely KUPERMAN, et al.**

v.

**Charles EIRAS, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1991.
Decided Feb. 28, 1991.

John Howard (orally), Turesky & Howard, Portland, for plaintiffs.

U. Charles Remmel and Timothy Norton (orally), Kelly, Remmel & Zimmerman, Portland, for defendants.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and BRODY, JJ.

McKUSICK, Chief Justice.

Plaintiffs Savely and Vera Kuperman sued defendants Charles Eiras and E. James Gaines on a guaranty contract. At a jury trial in Superior Court (Cumberland County, *Brodrick, J.*) defendants successfully raised the affirmative defense that they were induced to execute the guaranty contract by a material or fraudulent misrepresentation made by the Kupermans. The Kupermans appeal. Their primary argument is that the court erred in failing to instruct the jury that an essential element in defendants' fraud defense is proof that they suffered damage from the Kupermans' misrepresentation.

In December 1986 the Kupermans sold to Davenport of Maine, Inc., a part of their real estate in Old Orchard Beach for that corporation to build luxury condominiums. In satisfaction of the Kupermans' sales price, the corporation gave the Kupermans its $150,000 promissory note (secured by a second mortgage on the real estate purchased by the corporation) and the balance of $950,000 in cash. Defendants (who were principals in the purchasing corporation) executed a contract personally guaranteeing the corporation's note. In the present action the Kupermans seek to enforce that guaranty contract against defendants. At trial the court instructed the jury that to prevail on their affirmative defense of fraud defendants were required to prove by clear and convincing evidence (1) that the Kupermans made a fraudulent or material misrepresentation, (2) that the misrepresentation induced defendants to sign the personal guaranty contract, and (3) that defendants were justified in relying on the misrepresentation. The verdict form, agreed to by the parties, submitted only the following interrogatory to the jury: "Do you find that the [defendants'] signing of the [personal guaranty contract] was induced by the plaintiffs' fraudulent or material misrepresentation?" The jury answered unanimously in the affirmative. On that basis the court entered judgment for defendants.

On their appeal the Kupermans do not challenge the jury's factfinding. Rather they raise for the first time a contention that the court's jury instruction should have identified a fourth element of the fraud defense, namely, that defendants also had to prove they suffered damage as the result of the Kupermans' misrepresentation. Because the Kupermans did not preserve this contention for appeal, we review the Superior Court's instruction on the elements of the fraud defense only for obvious error. *See* M.R.Civ.P. 51(b); *Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319, 324 (Me.1986). We hold that there was in fact no error at all in the court's instruction, least of all any obvious error. In the circumstances of this case, the instruction was entirely complete and adequate.

Any notion that defendants to avoid the obligation of their personal guaranty contract must prove specific damage flowing

from the Kupermans' misrepresentation, or that defendants' secondary obligation on the note may be abated only to the extent they prove monetary loss from the misrepresentation, does not withstand analysis. In the first instance the Kupermans bargained for and got only the corporation's primary obligation on its $150,000 promissory note. The jury found that but for the Kupermans' misrepresentation, they would not have gotten anything beyond the corporation's obligation; that they would not have gotten defendants' personal guarantees. In equity the Kupermans should not be permitted to retain any benefit whatever from the guaranty contract that they induced the guarantors to sign by making a material or fraudulent misrepresentation. At the guarantors' behest the guaranty contract becomes a complete nullity because of the fraud in its inducement. The Kupermans are left with only the corporation's primary obligation on the corporate note, exactly where they would be if they had not made the critical misrepresentation.

■ The court's instruction that did not require proof of damage as part of a fraud defense was entirely consistent with the prevailing authority. "It is not necessary that actual damage shall have resulted from fraud in order to justify rescission." 12 S. Williston, *A Treatise on the Law of Contracts* § 1525 (3d ed. 1970). *See also Earl v. Saks & Co.,* 36 Cal.2d 602, 610–12, 226 P.2d 340, 345–47 (1951); *Restatement (Second) of Contracts* § 164(1) & comment c; § 385(1) (1981). The case at bar must not be confused with two related, but distinct situations. First, the fraud defense raised here by Eiras and Gaines is *not* the equivalent of an action for fraud or deceit in which they as the plaintiffs asserted an affirmative claim for damages flowing from the Kupermans' misrepresentation. The law draws a clear distinction "between fraud that will vitiate a contract and fraud that is actionable as deceit." *Forbes v. Wells Beach Casino, Inc.,* 409 A.2d 646, 655–56 (Me.1979); *Albee v. LaRoux,* 122 Me. 273, 275, 119 A. 626, 627 (1923). The plaintiff in a deceit action *does* have to prove damage from the misrepresentation.

*See Jourdain v. Dineen,* 527 A.2d 1304, 1307 (Me.1987). The early case of *Hammatt v. Emerson,* 27 Me. 308 (1847), cited by the Kupermans, cannot be read as authority for us in 1991 that proof of damage is a necessary element of the fraud defense. That suit on a note arose at a time of common law pleading, with only limited or no equitable defenses. In that context, we analyzed the defendant's allegations of fraudulent misrepresentation by considering the defendant's right to maintain a separate action for deceit against the plaintiff and to offset any recovery against a judgment for the plaintiff on the note. *Id.* at 324. Under modern rules of procedure, the affirmative defense of fraud in the inducement of the contract goes directly to vitiate the contract.

Second, this case is *not* one in which the Kupermans sue Davenport of Maine, Inc., on its promissory note after it has received conveyance of the Old Orchard Beach real estate and the corporation raises a defense of fraud in the inducement of the purchase and sale transaction. A suit against the corporation would involve quite different questions of undoing the completed transaction. *See Federici v. Lehman,* 230 Or. 70, 73–74, 368 P.2d 611, 612 (1962); *Kinkade v. Markus,* 38 Or.App. 131, 134–35, 589 P.2d 1142, 1144–45 (1979); *Restatement (Second) of Contracts* § 376 & comment a (party who avoids contract because of misrepresentation and seeks restitution "must generally return any benefit that he has himself received"); *see also id.* § 384 & comment a. Defendants obviously incurred harm simply by undertaking to guarantee the corporate note personally. In demanding proof of more than that implicit harm, the Kupermans seek to have defendants treated as if they stand in the shoes of the corporation. That would constitute an improper collapsing of the corporation. The Kupermans dealt with the corporation in the entire purchase and sale transaction and took from defendants only a separate contract personally guaranteeing the corporation's $150,000 note. The fraudulent representation that induced that contract makes it voidable at defendants'

instance, whether or not the corporation is in a position to raise a fraud defense effectively. We reject the Kupermans' argument that the court's jury instruction was incomplete or inaccurate.

 Contrary to the Kupermans' only other contention on appeal, there was no abuse of discretion in the trial court's admission of certain photographs offered in evidence by defendants, though they had failed to comply with a pretrial order that exhibits be exchanged at least 14 days before trial. *See Reeves v. Travelers Ins. Cos.*, 421 A.2d 47, 50 (Me.1980) (selection of sanction for noncompliance with pretrial order left to trial court's discretion). The court could rationally conclude that the period of five days during which the Kupermans had the photographs ahead of trial gave them ample time to check the photographs and obtain contradictory evidence if such existed.

The entry is:

Judgment affirmed.

All concurring.