Robert E. BAKER, Jr.

v.

Eldon J. JANDREAU.

Joseph COULOMBE

v.

Robert E. BAKER, Jr. and Eldon J. Jandreau.

Supreme Judicial Court of Maine.

Argued April 29, 1994.

Decided June 16, 1994.

Rudolph T. Pelletier (orally), Madawaska, for Baker.

Alan F. Harding (orally), Hardings Law Offices, Presque Isle, for Coulombe.

Richard N. Solman, Solman & Hunter, P.A., Caribou, for Baker.

Timothy C. Woodcock (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for Jandreau.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

In these consolidated cases, plaintiffs Robert Baker, Jr. and Joseph Coulombe appeal from judgments of the Superior Court (Aroostook County, *Pierson, J.*) entered on a jury verdict. Plaintiffs contend that the court improperly instructed the jury, submitted an incorrect special verdict form, and erroneously entered judgment for $2,000 for each plaintiff after the jury found damages of $20,000 each. Finding that the court should have entered judgment in the amount of $20,000 for each plaintiff, we vacate and remand.

These actions arise from an accident between a truck driven by Robert Baker, Jr. and a truck driven by Eldon Jandreau. Baker brought an action for personal injuries against Jandreau. Joseph Coulombe, a passenger in the Baker truck, brought an action against both drivers. Both plaintiffs contend that the court improperly instructed the jury on the issue of comparative fault and that the court's special verdict form improperly stated that the combined negligence of the parties could total less than 100%. Because there was no objection at trial to the instructions or the verdict form, we review on the basis of obvious error, *Kuperman v. Eiras,* 586 A.2d 1260, 1261 (Me.1991); M.R.Civ.P. 51(b), and find none.

The court, however, did commit obvious error in entering judgments for only $2,000. In its special verdict, the jury found that Jandreau was 10% negligent and that Baker and Coulombe were free from fault, and suffered total damages of $20,000 each in the accident. The allocation of 10% of the total negligence to Jandreau apparently resulted from the trial court's instruction that the negligence of the parties could total less than 100% and from the introduction of evidence that another unidentified driver may have been partially at fault in the accident. The court multiplied the total damages of $20,000 by Jandreau's 10% liability and entered judgments for $2,000.

We need not pass on the propriety of the court's instruction as to the allocation of liability. Jandreau was the only party found negligent by the jury. Although the jury verdict suggests that an unidentified person contributed to causing the accident, Jandreau was at least partly at fault, and has joint and several liability for the full amount of plaintiffs' damages. *See* 14 M.R.S.A. § 156 (1980). The Superior Court erred.

The entry is:

Judgments vacated and remanded for entry of judgments consistent with the opinion herein.

All concurring.