STATE OF MAINE                                      BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                                      Location: Portland
                                                    Docket No.: BCD-CV-12-85
                                                    AMH-CUM- 5/23/2013

TOPSHAM L & K 1, LLC,                )
                                     )
              Plaintiff,             )
                                     )                                    ✓
       v.                            )
                                     )
VILLAGE CANDLE, INC.,                )
                                     )
              Defendant              )
                                     )


## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This case concerns a dispute over a one-month commercial lease extension between Plaintiff Topsham L & K 1, LLC (Topsham), the lessor, and Defendant Village Candle, Inc. (VCI), the lessee. Topsham asserts that VCI did not make the necessary payments by the stated deadline to trigger the lease extension, and that VCI was thus a holdover tenant during the month of March 2011. VCI asserts that Topsham agreed to extend the deadline for payment, and that VCI's lease was extended for the additional month.

Both parties have presented motions for partial summary judgment. Topsham moves for summary judgment on two of VCI's affirmative defenses: accord and satisfaction and fraud in the inducement.[1] VCI moves for partial summary judgment on the issue of whether it was a holdover tenant. The Court held oral argument on the pending motions on May 21, 2013.

Before taking up the substance of the motions, the Court addresses two procedural issues raised by Topsham regarding summary judgment practice. The first issue concerns the

---

[1] On December 31, 2012, the Court permitted VCI to amend its answer to add the affirmative defense of fraud in the inducement.

[2] The lease was extended various times, but the statements of material fact to support the extensions are not properly supported by the record citation. (*See* A.S.M.F. ¶ 14)

[3] Kevin Kelly, 50% owner of Topsham, authored the amendment. (A.S.M.F. ¶ 16; R.S.M.F. ¶ 16.)

1

form of VCI's motion for partial summary judgment. VCI filed a single memorandum of law in opposition to Topsham's motion and in support of its own motion for summary judgment. VCI also filed an opposing and additional statement of material facts pertaining to the same.

Topsham objects that VCI has failed to comply with M.R. Civ. P. 56(h), in that it has not filed a *supporting* statement of material fact in support of its own motion, instead relying on its opposing and additional statements of material facts. Given that cross-motions are allowed, and given further that the court can render summary judgment against the moving party, the Court sees no reason why VCI's cross-motion could not rely in part on the same record on which Topsham based its motion. Thus, the Court will not disregard VCI's statement of material facts simply because it may or may not be labeled incorrectly.

The second issue concerns the use of a deposition within the summary judgment record. In support of its statement of material facts, VCI attached the first page and the pages cited of the deposition of Kevin Kelly, a 50% owner of Topsham. Topsham objects to the use of Kelly's deposition because 1) the whole transcript was not included, pursuant to M.R. Civ. P. 32(c); and 2) the deposition has not been authenticated via affidavit or pursuant to M.R. Evid. 902(8). Topsham thus argues that the deposition is not properly a part of the summary judgment record. The Court does not agree that the whole transcript needed to be submitted, as nothing in the text of Rule 32 mandates such a result. In fact, to the extent Rule 32 even applies to summary judgment filings as opposed to hearings in the courtroom, Rule 32(a)(4) suggests that only part of a deposition may be included in a filing, on the understanding that the adverse party may require the entire deposition to be filed—exactly what happened here.

Moreover, although it would have been better practice to include the court reporter's certificate with the initial filing, any error or inadequacy has been corrected; VCI submitted a full copy of the deposition transcript along with an authenticating affidavit from counsel.

2

Accordingly, the Court overrules Topsham's objections, and the Court will consider VCI's statements of material facts as supported by the deposition of Kevin Kelly. The Court also notes that when Topsham raised its objection to the Kevin Kelly deposition in its reply statement of material facts, it did not otherwise admit, deny, or qualify several statements of material fact. (*See* R.S.M.F. ¶¶ 13-14, 17-18, 21.) Pursuant to M.R. Civ. P. 56(h)(4), these statements should be deemed admitted to the extent that each is supported by a record citation. The effect on Topsham is negligible, however, as the Court is denying both parties' motions. *See* M.R. Civ. P. 56(d).

## FACTUAL BACKGROUND

The following facts are undisputed except where noted. The original lease between Topsham and VCI had a term of October 5, 2005, to October 5, 2008, and Paul Aldrich signed it in 2005.[2] (A.S.M.F. ¶ 13; S.S.M.F. ¶ 6; O.S.M.F. ¶ 6.) The Court presumes that Paul Aldrich is the principal decision maker/manager of VCI, although the summary judgment record does not identify him as such or explain his position at VCI. VCI asserts no fraud based on the original lease. (*See* S.S.M.F. ¶¶ 7-9; O.S.M..F. ¶¶ 7-9.) Topsham authored an amendment to the lease dated January 26, 2011; the amendment extended the lease one additional month, through March 31, 2011.[3] (S.S.M.F. ¶ 1; O.S.M.F. ¶ 1; A.S.M.F. ¶¶ 15-16; R.S.M.F. ¶¶ 15-16.) Aldrich signed the amendment. (S.S.M.F. ¶ 1; O.S.M.F. ¶ 1.)

The amendment designated certain dollar amounts that were payable for rent and additional rent for that time period. (S.S.M.F. ¶ 2; O.S.M.F. ¶ 2.) Specifically, the amendment stated:

> The Amendment is contingent upon Village having paid in full all financial obligations under the current Lease as previously amended, prior to February

---

[2] The lease was extended various times, but the statements of material fact to support the extensions are not properly supported by the record citation. (*See* A.S.M.F. ¶ 14)

[3] Kevin Kelly, 50% owner of Topsham, authored the amendment. (A.S.M.F. ¶ 16; R.S.M.F. ¶ 16.)

20, 2011[,] and provided further that all other obligations under the existing Lease, as amended, are complied with. . . .

The terms and conditions for the Amendment to the existing Lease are as follows:

. . . .

RENT     Base Rent for the above term will be $10,000 and Additional Rent (pro rata expenses) will be $3,000 for the same period.

PAYMENT   Base Rent and Additional Rent as stated above will be due and payable on or before February 20, 2011.

All other terms and conditions of the exiting lease will remain in full force and effect as amended herein.

(Pl.'s Exh. 2; *see* A.S.M.F. ¶ 17.) Although VCI did make a payment to Topsham, the summary judgment record does not reveal when the payment was made.[4]

After the February 20, 2011, deadline, Topsham sent a letter to VCI that stated: "I had hoped we could have cleaned up all of the outstanding billings for the remaining CAM[5] charges before the February 20 date referred to in the lease, but I understand the push you are under until the 1st." (A.S.M.F. ¶¶ 18-19.) Topsham was prepared to go beyond the February 20, 2011 deadline to work in good faith with Aldrich and to give VCI time to resolve issues it had concerning the amount it owed to Topsham. (A.S.M.F. ¶ 20; R.S.M.F. ¶ 20.) Topsham never set another deadline for payment of amounts owed, and in VCI's opinion, Topsham did not provide adequate documentation to substantiate amounts owed by VCI. (A.S.M.F. ¶¶ 21-22.) Topsham denies that it did not provide documentation to VCI. (R.S.M.F. ¶ 22.)

At some point, VCI paid $28,000 to Topsham pursuant to the terms of the amendment: $10,000 in base rent; $3,000 in additional rent; and $15,000 "as a deposit towards outstanding CAM reconciliation based on being provided with sufficient documentation." (S.S.M.F. ¶¶ 3-4;

---

[4] Allegations in the complaint suggest that no payment was made to VCI until March 2011. (*See* Compl. ¶ 9.)
[5] Although not explained in the summary judgment records, CAM charges appear to be "common area maintenance" charges. (*See* Exh. 1 to Aldrich depo. § 7(b).)

4

O.S.M.F. ¶¶ 3-4.) Aldrich understood that to the extent VCI was provided with documentation for the CAM charges, the deposit would apply to that amount, and if there was an overage or underage, VCI would either pay the additional amount or receive a refund from the deposit. (S.S.M.F. ¶ 5; O.S.M.F. ¶ 5.)

The Complaint alleges that VCI fully vacated the premises on March 31, 2011. (Compl. ¶ 6.) In this action, Topsham is seeking payment for cost associated with removing wax from the floor of the leased building, amounts pursuant to § 7(b) of the Lease, rent for the holdover period, and reasonable attorney fees. (Compl. ¶¶ 11-15.) Topsham filed suit in Sagadahoc County Superior Court on April 10, 2012. The case was approved for transfer to the Business and Consumer Court on October 31, 2012.

## DISCUSSION

### I. STANDARD OF REVIEW

In order for a party to obtain summary judgment, there must be no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. *See* M.R. Civ. P. 56(c). For purposes of summary judgment, a "material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. A factual issue is genuine when there is sufficient supporting evidence "that would require a fact-finder to choose between competing versions of the truth at trial." *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745 (quotation marks omitted). A party with the burden of proof wishing to avoid summary judgment must present a prima facie case for each claim or affirmative defense asserted. *See Reliance Nat'l Indem. v. Knowles Indus. Servs. Inc.*, 2005 ME 29, ¶ 9, 868 A.2d 220.

5

II.    ANALYSIS

A.    Topsham's Motion for Partial Summary Judgment

Topsham moves for partial summary judgment on two of VCI's affirmative defenses: accord and satisfaction and fraud in the inducement.

1.    *Accord and satisfaction*

To prevail on the affirmative defense of accord and satisfaction,

> there must be an offer in full satisfaction of the obligation, accompanied by such acts and declarations as amount to a condition that if it is accepted, it is to be in full satisfaction, and the condition must be such that the party to whom the offer is made is bound to understand that if he accepts it, he does so subject to the conditions imposed.

*Rosenthal v. Rosenthal,* 543 A.2d 348, 354 (Me. 1988) (quoting *Pettengill v. Turo,* 159 Me. 350, 361-62, 193 A.2d 367, 374 (1963)). "The offer and its terms, by the one party, and the acceptance by the other party are ordinarily questions of fact for the jury, unless upon the evidence only one inference can be drawn." *Bryson v. Kenney,* 430 A.2d 1102, 1104 (Me. 1981) (quoting *Viles v. Am. Realty Co.,* 124 Me. 149, 154, 126 A. 818, 820). The burden of proof is on the party raising the defense. *See Pelletier v. Pelletier,* 2012 ME 15, ¶ 18, 36 A.3d 903.

The "accord" at issue is the $28,000 payment, which included $13,000 for rent and a $15,000 "deposit," which Topsham at least received, if not accepted. Topsham simply argues that the payment of $28,000 was "not intended to satisfy Defendant's obligations under the lease extension agreement" and thus the defense of accord and satisfaction is inapposite. (Pl.'s MSJ 3.)

VCI argues that issues of material fact preclude summary judgment on this defense because it is not clear if there were any additional amounts owed by VCI to Topsham, and VCI has not seen adequate documentation of any further amounts owed. (Def.'s MSJ 3-4.) VCI asserts that the $15,000 deposit was meant to be applied to any amount owed and refunded if

6

nothing was owed or if a credit was due. (Def.'s MSJ 3-4; *see* S.S.M.F. ¶¶ 4-5, O.S.M.F. ¶¶ 4-5.)

Based on the minimal record before the Court, it is not clear what the $28,000 payment was meant to accomplish. The parties agree that it was paid pursuant to the lease extension (S.S.M.F. ¶ 3; O.S.M.F. ¶ 3), which would seem to indicate that the payment was intended to satisfy Defendant's obligations under the lease extension agreement. A jury certainly could infer that it was intended to pay any amount owed, and that Topsham's receipt of the payment without objection or further comment could constitute acceptance.[6] On the other hand, it also could be said that the $28,000 payment was not meant to be full satisfaction of any amount owed, as VCI expected some reconciliation to occur after it made the payment regarding the $15,000. (S.S.M.F. ¶¶ 4-5; O.S.M.F. ¶¶ 4-5.)

Nevertheless, the Court is satisfied that VCI made a sufficient showing, for purposes of defeating summary judgment, regarding the essential elements of the accord and satisfaction defense and that issues of material fact preclude entry of summary judgment at this juncture. The jury will be tasked with determining the offer and its terms, along with whether Topsham accepted the offer, at trial. *See Bryson*, 430 A.2d at 1104.

> 2. *Fraud in the Inducement*

Topsham's motion asserts that VCI has not identified any misrepresentation, dishonesty, or false statement made by Topsham at the time of the original signing of the lease in 2005 or at the final extension in 2011. (Pl.'s MSJ 3.) Rather, Topsham asserts that VCI's basis for the fraud defense is Topsham's actions after the lease was signed, i.e. in characterizing VCI as a holdover tenant. (Pl.'s MSJ 3-4; *see also* S.S.M.F. ¶ 12; O.S.M.F. ¶ 12.)

---

[6] Topsham stated at oral argument that the record is silent as to what happened after VCI submitted the $28,000 payment. Again, this is technically accurate, but had Topsham rejected the payment or made any statement at all, undoubtedly, Topsham would have presented that information to the Court in support of its motion.

7

VCI asserts that its fraud claim is based upon Topsham's statements regarding the amendment, in that it never intended to honor the lease agreement. (O.S.M.F. ¶ 11.) VCI also identifies various other misrepresentations in its memo, but none of these so-called "misrepresentations" are within the summary judgment record, a fact that Topsham points out. (*See* Pl.'s Reply 2.) Moreover, none of these "misrepresentations" are alleged to have occurred before VCI entered into the lease extension and thus are not relevant to VCI's affirmative defense of fraud because they could not have induced VCI to sign the contract. *See Kuperman,* 586 A.2d at 1261.

However, Maine law clearly distinguishes between "fraud that will vitiate a contract and fraud that is actionable as deceit." *See Kuperman v. Eiras,* 586 A.2d 1260, 1261 (Me. 1991) quoting *Forbes v. Wells Beach Casino, Inc.,* 409 A.2d 646, 655-56 (Me.1979). To support a claim or cause of action for fraud, the plaintiff has to show a misrepresentation of an existing fact; proof that the defendant never intended to perform the contract is insufficient. *See Shine v. Dodge,* 130 Me. 440, 157 A. 318, 319 (1931). However, proof that the defendant never intended to perform is sufficient, in and of itself and without proof of a misrepresentation of existing fact, to support the affirmative defense of fraud. *See Stewart v Winter,* 133 Me. 136, 174 A. 456, 457-58 (1934); *Albee v LaRoux,* 122 Me. 273, 199 A. 626, 626-27 (1923).

Viewing the record evidence in the light most favorable to VCI, a jury could conclude that despite signing the contract, Topsham never intended to honor the lease amendment, which induced VCI to sign the extension, and VCI was entitled to rely on the contract language. Inducement and reliance on Topsham's statements can be inferred from Aldrich's signature on the lease extension. (*See* S.S.M.F. ¶ 1; O.S.M.F. ¶ 1.) Thus, VCI has made out all the essential elements of its defense, but issues of material fact prevent entry of summary judgment for either party on the affirmative defense of fraud.

8

B.        VCI's Motion for Summary Judgment

VCI moves for summary judgment on Topsham's claim that it is a holdover tenant. According to VCI, the lease amendment was valid, and VCI either complied with all the terms or the terms were modified and VCI complied with the modified terms, i.e. the alleged extension of the payment deadline without any new deadline being set. Thus, VCI asserts it did not hold over after the original lease was set to expire in February 2011. (Def.'s MSJ 5-6; A.S.M.F. ¶ 21.)

Topsham argues that the summary judgment record does not support VCI's conclusion, arguing that "there is no factual basis to support the claim that a 'new deadline' was required, that the existing deadline had been waive, or that [VCI] had been excused from meeting the conditions of the lease extension agreement." (Pl.'s Opp'n to Def.'s MSJ 3.)

Viewing the evidence in the light most favorable to Topsham, the record clearly reveals significant issues of material fact as to whether VCI in fact complied with all the terms of the amendment. The Complaint indicates that the payment of $28,000 was not made until March of 2011, well past the February 20, 2011, deadline; the summary judgment record, however, leaves open and unresolved the factual issue of whether Topsham extended the time by which VCI had to pay Topsham pursuant to the lease amendment. (A.S.M.F. ¶¶ 18-20.) Without any clarity as to when the payment was made, or if or how the time to make the payment was extended, it is impossible to determine if the contingencies to trigger the lease extension were satisfied. These issues of material fact prevent summary judgment on the issue of whether VCI was a holdover tenant. *See Burdzel*, 2000 ME 84, ¶ 6, 750 A.2d 573.

9

## CONCLUSION

Based on the foregoing, the Court DENIES Topsham's motion for partial summary judgment and DENIES VCI's motion for partial summary judgment. Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order into the docket by reference.

Dated May 22, 2013

A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 5·23·13
Copies sent via Mail ___ Electronically ✓

10

BCD-CV-12-85 Topsham L & K 1, LLC v. Village Candle, Inc.

Counsel for Plaintiff:

Stanley Greenberg, Esq.
Greenberg & Greenberg
97A Exchange St
Suite 404
Portland, ME 04101

Counsel for Defendant:

Lee Bals, Esq.
Marcus Clegg & Mistretta PA
One Canal Plaza, Suite 600
Portland, ME 04101